HARRISON LATTO
Oregon State Bar #812890
Attorney at Law
  Law Office of Harrison Latto
  1631 NE Broadway, No. 533
  Portland, Oregon  97232
  Telephone:  (503) 223-0783
  E-mail:  hlatto@easystreet.net

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| KENNETH J. MORGAN, | No. 2:23-cv-00292 |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| | (Deprivation of civil rights) |
| TYLER BLEWETT, MARK NOOTH, KEVIN JACKSON, and UNKNOWN CORRECTIONS OFFICERS Nos. 1 through 5, | and DEMAND FOR JURY TRIAL |
| Defendants. | |

    For his COMPLAINT against defendants, plaintiff KENNETH J. MORGAN alleges as follows:

**(Parties:)**

    1.    Plaintiff KENNETH J. MORGAN is an individual and a resident of the State of Oregon.  He is currently a prison inmate (or "adult in custody"), in the

PAGE 1 - COMPLAINT

custody of the Oregon Department of Corrections (ODOC), currently housed at the Two Rivers Correctional Institution (TRCI) in Umatilla, Oregon.

2.     Defendants TYLER BLEWETT, MARK NOOTH, and KEVIN JACKSON are individuals and, on information and belief, residents of the State of Oregon, and at the time pertinent to the claim alleged in this complaint, officials employed by the ODOC.  At all times pertinent to this complaint, defendant BLEWETT was employed as the superintendent of the TRCI; defendant NOOTH was employed as the assistant superintendent of the TRCI, and defendant JACKSON was employed as the ODOC Eastside Institutions Administrator.

3.     Defendants UNKNOWN CORRECTIONS OFFICERS Nos. 1 through 5 are individuals employed at the pertinent time by ODOC as corrections officers; their identities will be provided, and this complaint accordingly amended, when their identities become known to plaintiff after discovery in this case has been conducted.

4.     All of the actions of these defendants described in this complaint were taken during the course of, and in furtherance of their duties as officials or employees of the ODOC.  They are sued herein in their individual capacities, for actions taken in the course of their official duties.

**(Jurisdiction:)**

5.     This court has jurisdiction over plaintiff's claims against all of the individual defendants, including defendants UNKNOWN CORRECTIONS OFFICERS Nos. 1 through 5, pursuant to 28 U.S.C. § 1331.

**(Factual allegations:)**

6.  In March of 2021, plaintiff was an inmate housed at TRCI. He was assigned by officials of the ODOC, who worked under the supervision of defendants BLEWETT, NOOTH, and JACKSON, for work duty at the institution's kitchen, doing manual labor.

7.  At the time plaintiff was assigned to such work duty, he was suffering from various heart ailments, including but not limited to high blood pressure and atrial fibrillation. Because of those conditions, plaintiff was in a highly vulnerable physical state, and was unable to perform extended physical labor without putting his health seriously at risk.

8.  Plaintiff's medical condition was known, or should have been known, to the officials at TRCI who assigned him to that work duty.

9.  Plaintiff complained to the civilian, female supervisor of the TRCI kitchen staff on plaintiff's shift that, because of his weakened and vulnerable medical condition, he was unable to perform the demanding physical labor that this supervisor had assigned to him.

10. When the supervisor heard this from plaintiff, instead of assigning plaintiff to lighter duty, the supervisor reprimanded plaintiff and demanded that he do the work she had assigned to him, or else be disciplined.

11. When plaintiff continued to refuse to perform the assigned tasks, which was reasonable under the circumstances, the supervisor used a radio to call for help from TRCI security staff. When the supervisor made this call, she

"coded" her request for help as a "assault on staff by inmate" or words or code to that effect.

12.   Shortly thereafter, in response to the supervisor's call, defendants CORRECTIONS OFFICERS Nos. 1 through 5 arrived at plaintiff's location, took him into custody, and brought him to the discipline and segregation housing unit of the TRCI, where he remained for several days.

13.   In the course of taking plaintiff into custody, the corrections officers beat plaintiff severely. They threw him forcibly to the concrete floor, after which they stepped on or kneed him, and generally treated him with excessive, unnecessary force, that was unreasonable under the circumstances.

14.   Plaintiff, during the course of being taken into custody by the corrections officers, never resisted and never disobeyed any order they gave to him.

15.   Because of the excessive force used upon him, plaintiff suffered severe injuries to his face and body, and possibly permanent damage to his hearing, and in ways that will be described more fully after discovery has been conducted, all to plaintiff's general damages, consisting of pain and suffering, in the amount of $250,000.

16.   Defendants BLEWETT, NOOTH, and JACKSON, were in charge of training and supervision of civilian and sworn employees of the ODOC. In the course of those responsibilities, they poorly and negligently trained and supervised their civilian and sworn staff, regarding: (a) the appropriate and safe assignment of every adult in custody to work duties that were commensurate with the inmate's

physical abilities and state of health; and (b) the proper and correct manner in which corrections officers should respond to any complaint of an assault of an adult in custody against prison staff. Were it not for that inadequate and poor training and supervision, officials at ODOC would not have assigned plaintiff to work duty that was inappropriate given the state of his physical abilities and health, and corrections officers, in response to the request for help by the kitchen supervisor, would not have used excessive, or any force whatsoever in making an appropriate response to the situation.

**(LEGAL CLAIM:)**

17. Plaintiff re-alleges and incorporates herein all of the preceding allegations contained in paragraphs 1 through 16 of this complaint.

18. Defendants BLEWETT, NOOTH, and JACKSON violated their duty, imposed by the Cruel and Unusual Punishments clause of the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment to the United States Constitution, to keep plaintiff safe from reasonably anticipated harm, by failing adequately to train TRCI staff in the appropriate assignment of inmates to work duty, and to train corrections officers regarding their response to complaints of assaults by adults in custody against prison staff. Defendants BLEWETT, NOOTH, and JACKSON acted in deliberate indifference to their constitutional obligations.

19. Defendants UNKNOWN CORRECTIONS OFFICERS Nos. 1 through 5 violated their duty, imposed by the same clauses of the Eighth and Fourteenth Amendments to the United States Constitution, not to use excessive

PAGE 5 - COMPLAINT

and unreasonable force against adults in custody, in the course of maintaining institution security and protecting prison staff against assaults by adults in custody, in deliberate indifference to their constitutional obligations.

20.   Defendants' conduct violated plaintiff's constitutional rights, as described in paragraphs 18 and 19, thereby incurring liability of defendants to plaintiff under Section 1983 of Title 42 of the United States Code.

21.   The conduct of defendants UNKNOWN CORRECTIONS OFFICERS Nos. 1 through 5 was egregious and demonstrated a blatant disregard for plaintiff's safety and for their obligation imposed by the United States Constitution to keep plaintiff safe and protected against harm, thereby making an award of punitive damages warranted and reasonable under the circumstances.

22.   Plaintiff has complied with any and all obligations imposed by the Prison Litigation Reform Act, at 42 U.S.C. § 1997e; to the extent that he did not comply with all or some of those obligations, plaintiff was prevented from doing so because of the injuries inflicted upon him by defendants, as described in this complaint.

**(Jury demand:)**

23.   Plaintiff hereby requests a trial by jury on all of his claims.

WHEREFORE, plaintiffs pray for judgment against defendants, jointly and severally, as follows:  (a) in the amount of $250,00 in compensatory damages, and $100,000 in punitive damages; (b) for plaintiff's reasonable attorney fees incurred and to be incurred in the prosecution of this action, pursuant to 42 U.S.C. § 1988(b); (c) for plaintiff's costs and disbursements incurred in this action; and (d)

for such other relief as the court deems just and proper under the circumstances.

DATED this 28th day of February, 2023.

/s/ *Harrison Latto*
HARRISON LATTO
Attorney at Law
Attorney for Plaintiff
Kenneth J. Morgan

PAGE 7 - COMPLAINT